Stenly Laloan RANTUNG, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–75377.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 10, 2008.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Litigation, Washington, DC, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Stenly Laloan Rantung, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing an appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review factual findings

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for substantial evidence, *Hakeem v. INS,* 273 F.3d 812, 816 (9th Cir.2001), and we review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The BIA denied petitioner's claim as time barred and Rantung did not challenge this determination in his opening brief. Accordingly, we deny the petition as to the asylum claim.

Substantial evidence supports the IJ's denial of withholding of removal because there is no evidence that Rantung or anyone in his family has been persecuted on account of their religion. *See Hakeem,* 273 F.3d at 817. Furthermore, even if the disfavored group analysis set forth in *Sael v. Ashcroft,* 386 F.3d 922 (9th Cir.2004) applies to Indonesian Christians and applies in the context of withholding of removal, Rantung has not demonstrated a clear probability of future persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir.2003). Accordingly, Rantung's withholding of removal claim fails.

Rantung's contentions that the IJ was biased and failed to consider all the evidence are not supported by the record. Moreover, he failed to demonstrate that additional testimony would have affected the outcome of the proceedings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

In his opening brief, Rantung fails to address, and therefore has waived any challenge to, the IJ's determination that he is not eligible for CAT relief or for cancellation of removal. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir. 1996) (holding issues which are not specifi-

cally raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.